UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ARSHAD KHAN,

                        Petitioner        **MEMORANDUM & ORDER**

       -against-                  19-CV-533 (KAM)


SUPERINTENDENT MICHAEL CAPRA,

                      Respondent.
-----------------------------------X
KIYO A. MATSUMOTO, United States District Judge:

           Presently before the court is a petition brought by
*pro se* petitioner Arshad Khan, seeking a writ of habeas corpus
pursuant to 28 U.S.C. § 2254 ("Section 2254"). (*See generally*
ECF No. 1, Pet. for a Writ of Habeas Corpus ("Pet.").) Mr. Khan
is currently incarcerated at the Sing Sing Correctional Facility
pursuant to a judgment of conviction imposed in the New York
Supreme Court, Queens County, for Assault in the First Degree.
In his petition, Mr. Khan principally alleges that his
constitutional rights were violated because he was denied: (1)
effective assistance of counsel at trial, (2) due process
through the admission of certain evidence, and (3) due process
when the trial court denied his New York Criminal Procedure Law
("CPL") § 440 motion without a hearing. (*See generally* Pet.)
For the reasons set forth below, Mr. Khan's petition is denied.

**BACKGROUND**

I.   **Factual Background**

During the early morning of October 28, 2012, Ashwin Daljeet and Khermraj Sankar were celebrating at a nightclub in Queens, New York when they got into a physical altercation with petitioner and another person.  (ECF No. 12, State Court Record ("R.") at 230-31.)  While at the nightclub, Daljeet accidentally bumped into an acquaintance from his neighborhood.  (*Id.* at 234-35.)  When Daljeet turned around to apologize, the man pushed Daljeet.  (*Id.* at 234.)  They began "exchanging words," and Sankar intervened, grabbing Daljeet to prevent further escalation.  (*Id.* at 234, 312.)

As Sankar and Daljeet began to walk away, Daljeet looked back and saw petitioner approach the man and ask what had happened.  (*Id.* at 235.)  Although Daljeet did not recognize petitioner, Sankar was familiar with the petitioner from a prior interaction.  (*Id.* at 336-37.)  Petitioner then looked at Daljeet and ran straight to him.  (*Id.* at 236.)  According to Daljeet, petitioner appeared to be "[v]ery angry, and he looked drunk."  (*Id.* at 237.)  Petitioner punched Daljeet in the face, causing Daljeet's mouth to bleed.  (*Id.* at 236.)  In response, Daljeet "punched [petitioner] right back," knocking petitioner to the ground.  (*Id.* at 238.)  Later, petitioner swung his arm at Daljeet in an "overhead motion," striking Daljeet in the face

2

a second time.  (*Id.* at 240.)  Daljeet then "started swinging" at petitioner knocking him down on the ground.  (*Id.* at 242.) After realizing that he was bleeding, Daljeet stopped fighting and went to the emergency room at Jamaica Hospital with his friends.  (*Id.* at 243-44.)

According to Dr. Anna Aronova, the on-call surgery resident at Jamaica Hospital, Daljeet told the hospital staff that he had been drinking alcohol, but he did not appear to be intoxicated.  (*Id.* at 366.)  Daljeet had an "extensive" laceration on the right side of his face, and smaller lacerations on his neck, arm, and chest.  (*Id.* at 365-66.)  His sinus cavity had been fractured and it took Dr. Aronova two hours to suture the wounds on Daljeet's face.  (*Id.* at 370-71.) At the time of trial, Daljeet had a scar from the bottom his right eye to the right side of his lip.  (*Id.* at 251.)

After he was discharged from the hospital on the morning of October 28, 2012, Daljeet went home, changed his clothes, and then traveled to the 102nd Police Precinct, where he filed a report with Detective Albert Hawkins.  (*Id.* at 252.) Daljeet did not know petitioner's name at the time he spoke with Detective Hawkins.  (*Id.* at 253.)  Nonetheless, Daljeet subsequently learned petitioner's name from Sankar, who sent Daljeet a link to a photograph of petitioner from the night club website.  (*Id.* at 253-54.)  Daljeet printed out the photograph

3

and gave it to Detective Hawkins.  (*Id.*)  On November 15, 2012, Detective Hawkins showed a photo array to Daljeet and Daljeet identified petitioner in the photos.  On November 17, 2012, Daljeet returned to the 102nd Precinct, where Detective Hawkins conducted a lineup procedure.  (*Id.* at 259, 346-52.)  Daljeet identified petitioner in that lineup as the man who attacked him.  (*Id.*)

On June 6, 2013, at petitioner's arraignment, the State provided CPL § 710.30 notice for three identification procedures: a line-up and a photo array with Daljeet at the 102nd Precinct on November 15, 2012 and November 17, 2012, and a photo array with another eyewitness on June 5, 2013, at the Queens District Attorney's office.  (R. at 193.)

## II.  The Trial

On March 10, 2015, petitioner proceeded to a jury trial before the Honorable Barry A. Schwartz in Queens County Supreme Court.  (R. at 202.)  At trial, Daljeet and Sankar identified petitioner in court.  (*Id.* at 236, 314.)  When asked on cross-examination whether Sankar's in-court identification was the "first time" he had identified petitioner, Sankar replied, "No," and stated that he had previously identified petitioner from a photograph during a meeting with an Assistant District Attorney.  (*Id.* at 314.)  Trial counsel objected to the evidence of the out of court identification with a single

4

objection, which the court sustained, but counsel did not move to strike Sankar's in-court identification of defendant, move for a mistrial, or any other relief. (*Id.* at 338.)

During jury deliberation, the sole requested readback was for Sankar's testimony. (*Id.* at 561.) On March 13, 2015, the jury found petitioner guilty of first-degree assault. (*Id.* at 460.) On May 11, 2015, the court sentenced petitioner to a determinate prison term of 12 years, to be followed by 2.5 years of post-release supervision. (Petitioner's Sentencing Tr. at 8-9.)

## III. Post-Conviction Proceedings

On December 8, 2015, petitioner moved to vacate his conviction pursuant to CPL § 440.10 on the ground that he was deprived of the effective assistance of counsel. (*See* R. at 1-88.) At trial, petitioner learned that Sankar had previously identified petitioner from a photograph during what respondent describes as a pretrial preparation meeting with an Assistant District Attorney. (*Id.* at 5.) Petitioner argued that his counsel was ineffective because counsel did not move to strike Sankar's in-court identification of petitioner after the State failed to serve petitioner with pre-trial notice of the prior identification pursuant to CPL § 710.30(1)(b).[1] (*Id.* at 6-10.)

---

[1]     CPL § 710.30(1)(b) provides, in relevant part, that when the prosecution intends to offer at a trial, "testimony regarding an observation of the defendant either at the time or place of the commission of the offense

On March 21, 2016, the New York Supreme Court denied petitioner's CPL § 440.10 motion (the "CPL § 440 court"). (*Id.* at 111-17.)  In doing so, the court found that petitioner's claim was procedurally barred pursuant to CPL § 440.10(2)(b) because it was a record-based claim that could be raised on petitioner's then-pending direct appeal. (*Id.*)  In the alternative, the court found that petitioner's claim was meritless. (*Id.* at 114.)  The court reasoned that, at the time of petitioner's trial, "an exception to the [CPL § 710.30(1)(b)] notice requirement existed for pre-trial witness preparation where a prosecutor displayed a photograph of a defendant prior to trial and it did not constitute an identification procedure." (*Id.* at 116 (citing *People v. Herner*, 85 N.Y.2d 877 (1995).) Moreover, even under *People v. Marshall*, 26 N.Y.3d 495, 498 (2015), where the New York Court of Appeals disavowed the exception to the notice requirement recognized in *Herner,* Sankar's in-court identification of petitioner still would not be precluded because Sankar and petitioner "were known to one another making the identification confirmatory." (R. at 116-17.)  For these reasons, the court concluded that petitioner's counsel was not ineffective for failing to strike the in-court

---

or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered."  CPL § 710.30(1)(b).

identification and denied petitioner's CPL § 440.10 motion.
(*Id.*)

On May 20, 2015, petitioner filed a notice of appeal
to the Second Judicial Department of New York Supreme Court's
Appellate Division (the "Appellate Division"), arguing on appeal
that: (1) trial counsel was ineffective for failing to seek
preclusion of Sankar's in-court identification of petitioner;
(2) Sankar's in-court identification testimony should have been
precluded; (3) the CPL § 440 court erred in denying petitioner's
motion without a hearing.  (*Id.* at 549-81.)

On August 30, 2017, the Appellate Division issued a
Decision & Order, unanimously affirming the judgment of
conviction and the order denying petitioner's CPL § 440 motion.
(*Id.* at 618-19.)  The Appellate Division concluded that
petitioner's CPL § 440 motion was properly denied without a
hearing because, "the [CPL § 440] court could determine from the
parties' submissions that [petitioner] was not deprived of the
effective assistance of counsel." (*Id.* at 618.)  The Appellate
Division also found that petitioner's challenge to the admission
of Sankar's in-court identification was unpreserved for
appellate review, and "decline[d] to reach [the claim] in the
exercise of [the court's] interest of justice jurisdiction." (R.
at 618-19.)  Petitioner sought leave to appeal to the New York

Court of Appeals, which was denied on May 8, 2018. (*Id.* at 620—26, 631.)

## IV. The Instant Habeas Petition

In a *pro se* petition dated January 17, 2019, petitioner seeks federal habeas corpus relief, claiming that: (1) he was denied the effective assistance of counsel as a result of trial counsel's failure to seek preclusion of Sankar's in-court identification testimony; (2) he was denied due process by the admission of Sankar's in-court identification testimony; and (3) he was denied due process when the trial court denied his CPL § 440 motion without a hearing. (Pet. at 2.)

## V. Standard of Review

Pursuant to Section 2254, a federal district court shall issue a writ of habeas corpus to an individual in state custody "only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). A court may only issue such a writ if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. §

2254(d); *see also Lindstadt v. Keane*, 239 F.3d 191, 198 (2d Cir. 2001).

In reviewing the instant petition, the court is mindful that Mr. Khan is proceeding *pro se*, and thus reviews his petition "with a lenient eye." *Phillips v. Girdich*, 408 F.3d 124, 127-28 (2d Cir. 2005); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).  Therefore, the Court interprets the petition as raising the strongest arguments it suggests.  *Harris v. Mills*, 11 572 F.3d 66, 72 (2d Cir. 2009); *see also Martin v. United States*, 834 F. Supp. 2d 115, 119 (E.D.N.Y. 2011) (citing *Williams*, 722 F.2d at 1050).

## DISCUSSION

### I.  Ineffective Assistance of Counsel Claim

In the instant petition, petitioner argues, as he did in his CPL § 440 motion and on direct appeal, that he received ineffective assistance of counsel when trial counsel failed to strike Sankar's in-court identification testimony on the ground that the State failed to serve pre-trial identification notice pursuant to CPL § 710.30(1)(b).  (Pet. at 4.)

In reviewing an ineffective assistance of counsel claim raised in a habeas petition, courts apply the "highly demanding" standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984). *See Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 89. Under *Strickland*'s two-prong test for ineffective assistance of counsel, habeas petitioners must demonstrate (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 703.

Under the first *Strickland* prong, counsel is "strongly presumed" to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 686, 689–90. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).

As to the second prong, a "[t]he likelihood of a different result must be substantial, not just conceivable." *Strickland*, 466 U.S. at 112.  In the context of federal habeas review of a *Strickland* claim, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable — a substantially higher threshold.'"  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

Mr. Khan cannot meet either prong of the *Strickland* test.  With respect to the first prong, a review of the record and relevant case law shows that Mr. Khan's trial counsel's conduct did not fall below an objective standard of reasonableness.[2]  Specifically, trial counsel was not ineffective for failing to move to strike Sankar's identification testimony because "at the time of [Mr. Khan's] conviction, an exception to [CPL § 710.30(1)(b)] notice requirement existed for pre-trial

---

[2]    The court notes that the trial record as a whole reveals that the State court's determination that trial counsel's representation was not ineffective was reasonable.  *Cf. Lindstadt*, 239 F.3d at 199-200 (noting that *Strickland* requires reviewing courts to consider the "totality of the evidence" and to examine purported errors by counsel "in the aggregate").  The record demonstrates that trial counsel made objections and presented a well-reasoned defense by undermining the credibility and reliability of a key witness. (*See generally* R. at 223-405.).  Examining the totality of the record, trial counsel's sole alleged failure to move to strike Sankar's in-court identification testimony, even if erroneous, was not so egregious or prejudicial to bring counsel's representation below the objective standard of reasonableness.  *See People v. Turner*, 840 N.E.2d 123, 126 (N.Y. 2005) (a single failing in an otherwise competent performance must be so "egregious and prejudicial" as to deprive a defendant of his constitutional right).

witness preparation" under the New York Court of Appeals decision in *Herner*, 85 N.Y.2d at 877.  (R. at 116.)  Under this recognized "trial preparation" exception, no notice was required for the pre-trial preparation conducted with Sankar, which included the photographic viewing and pre-trial identification of the petitioner.  *See People v. Parker*, 133 A.D.3d 1300, 1301-1302 (4th Dep't 2015) (applying the trial preparation exception and holding that no notice was required where a witness who identified defendant at trial had previously been shown his image from a surveillance video); *People v. Bulgin*, 908 N.Y.S.2d 817, 833 (Sup. Ct. Bronx Cty. 2010) (identification of defendant in photograph arrays approximately 16 months after the showup and original photograph identification was trial preparation).

Moreover, though the *Herner* exception was subsequently abrogated by the New York Court of Appeals in *Marshall*, trial counsel's representation is not ineffective simply because he or she failed to predict a change in the law.  *See Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir. 1994) ("In assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed at the time of counsel's conduct' . . . and may not use hindsight to second-guess his strategy choices. Counsel is not required to forecast changes in the governing law."); *Paulino v. United States*, No. 95-cr-116 (PKL), 1998 WL 214877, at *5 (S.D.N.Y.

12

Apr. 28, 1998) ("A defendant is entitled to a competent lawyer, not an omniscient one."). Accordingly, trial counsel's representation was not rendered ineffective simply due to a change in New York law.

Even applying the *Marshall* decision to petitioner's case, however, the result is the same. In *Marshall*, the defendant and complainant were strangers, and when the prosecutor showed the complainant the lineup photo before trial as part of her pre-trial preparation, notice was required. 26 N.Y.3d at 506. Under the instant facts presented in Mr. Khan's petition, notice may have been required by CPL § 710.30. Even under *Marshall*, however, petitioner's motion to strike Sankar's in-court identification testimony would have failed because where an identifying witness and the defendant are "known to one another," "no prior notice [pursuant to CPL § 710.30(1)(b)] need [be] given by the People." *People v. Tas*, 415 N.E.2d 967, 967-68 (N.Y. 1980); *see also People v. Gissendanner*, 399 N.E.2d 924, 930 (N.Y. 1979) ("In cases in which . . . the protagonists are known to one another, 'suggestiveness' is not a concern and, hence, [CPL § 710.30(1)(b)] does not come into play."). Courts have recognized this "confirmatory identification" exception to the CPL § 710.30(1)(b) notice requirement. *See Pinckney v. Lee*, No. 10-cv-01312 (KAM), 2020 WL 6136302, at *27 (E.D.N.Y. Oct. 19, 2020) (rejecting petitioner's federal habeas claim seeking

13

review of trial counsel's failure to object to state court's admission of an in-court identification based on the CPL § 710.30 confirmatory identification exception).

Applying the "confirmatory identification" exception to the CPL § 710.30(1)(b) notice requirement here, Sankar testified that although he did not know petitioner's name, he "had seen him around before." (*See* R. at 336-37.) To be sure, Sankar also testified that he independently found petitioner's photo on his own without the influence of police, thus reinforcing the conclusion that Sankar was familiar with the petitioner. (*See* Sankar Trial Transcript at 296.) Therefore, the state court's determination that Sankar's identification was merely confirmatory and that notice was not required, was not unreasonable. *See People v. Kerce*, 140 A.D.3d 1659, 1660 (4th Dep't 2016) (photographic identification by witness who knew defendant was "confirmatory," and thus no CPL § 710.30(1)(b) notice was required). For these reasons, the court finds that petitioner failed to show that trial counsel's alleged error in moving to strike the identification testimony fell below an objective standard of reasonableness.[3]

---

[3]     Moreover, Sankar's testimony was based on his personal knowledge and experience and thus served as an independent source for identification. Under *Marshall*, the New York Court of Appeals recognized that "the People are entitled to establish that there is an independent source for an in-court identification." 26 N.Y.3d 495 at 508. Sankar testified that he was only one foot away from the petitioner, whose face was uncovered, illuminated by the lights in the nightclub, and unobstructed from Sankar's view. (*See* R. at

14

As to the second *Strickland* prong, counsel's failure
to move to strike did not create a reasonable probability that,
but for counsel's unprofessional errors, the result of the
proceeding would have been different, and the state court's
determination was not unreasonable.  Even if trial counsel
erred, Mr. Khan's ineffective assistance claim would still fail
because he did not suffer prejudice because Sankar was not the
only witness able to identify Mr. Khan as the attacker.  The
victim, Daljeet, also identified petitioner at trial and in a
lineup conducted less than one month after the attack.  (R. at
259.)  Although the jury asked to read back Sankar's
identification testimony, with Daljeet's identification and
Sankar's testimony that Sankar found his photo on the night club
website, Mr. Khan cannot demonstrate a "reasonable probability"
that he suffered prejudice as a result of the alleged error.
*Strickland*, 466 U.S. at 694.  Accordingly, the state court's
determination that trial counsel's representation was not
ineffective was reasonable under the circumstances because

---

316.)  Further, Sankar identified the petitioner to his friend without any
police involvement.  (R. at 253; Sankar Trial Transcript 296-97.)  In
addition, Daljeet also testified that Sankar "knew" petitioner before the
incident at the nightclub.  (R. at 253.)  Thus, even if *Marshall* applied
here, the record supports the state court's finding that an independent
source existed for the identification because the witness had an opportunity
to fully view the defendant, making any error harmless.  *See Marshall*, 26
N.Y.3d at 508 (finding harmless error and concluding that there was
sufficient evidence to establish an independent source for complainant's in-
court identification where complainant identified defendant at a hospital and
testified that viewing a photograph did not affect her memory of defendant).

petitioner cannot demonstrate that there is a reasonable
probability that had trial counsel successfully moved to strike
Sankar's in-court identification, the jury would have acquitted
him.

For the foregoing reasons, the court concludes that
petitioner failed to demonstrate that he received ineffective
assistance of counsel and also rejects petitioner's § 2254
petition on this basis because the state courts' rejection of
petitioner's claim was neither contrary to, nor an unreasonable
application of clearly established Supreme Court law.

## II. Due Process Violation due to the Admission of Witness's Identification Testimony

Mr. Khan asserts that the admission of Sankar's
unnoticed in-court identification testimony violated his
constitutional right to due process. (Pet. at 5.)  The court
rejects petitioner's claim because it is unexhausted and
procedurally defaulted or, alternatively, barred by independent
and adequate state law grounds.  Furthermore, Mr. Khan's due
process claim based on an alleged violation of CPL § 710.05 is
also not cognizable on federal habeas review.

Section 2254 requires a petitioner to exhaust state
judicial remedies prior to seeking relief in federal court.  28
U.S.C. § 2254(b)-(c).  To exhaust state court remedies, a
petitioner must "fairly present" federal constitutional claims

16

to the highest state court with jurisdiction over them "to give
the [s]tate the opportunity to pass upon and correct alleged
violations of its prisoners' federal rights." *Carvajal v.
Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (alteration in original)
(quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *Pesina v.
Johnson,* 913 F.2d 53, 54 (2d Cir. 1990) (To fulfill the
exhaustion requirement, a petitioner must have presented the
substance of his federal claims "to the highest court of the
pertinent state.").  "In order to have fairly presented his
federal claim to the state courts the petitioner must have
informed the state court of both the factual and the legal
premises of the claim he asserts in federal court." *Daye v.
Attorney Gen.,* 696 F.2d 186, 191 (2d Cir.1982) (en banc).

Like the failure to exhaust a claim, the failure to
satisfy the state's procedural requirements deprives the state
courts of an opportunity to address the federal constitutional
or statutory issues in a petitioner's claims. *See Coleman v.
Thompson*, 501 U.S. 722, 731-32 (1991).  "[A] claim is
procedurally defaulted for the purposes of federal habeas review
where 'the petitioner failed to exhaust state remedies and the
court to which the petitioner would be required to present his
claims in order to meet the exhaustion requirement would now
find the claims procedurally barred.'" *Reyes v. Keane*, 118 F.3d
136, 140 (2d Cir. 1997) (emphasis omitted) (quoting *Coleman*, 501

17

U.S. at 735).  A petitioner's federal claims may be procedurally barred from habeas review if they were decided at the state level on "independent and adequate" state procedural grounds. *Coleman*, 501 U.S. at 729-33.

The petitioner's challenge to the admission of Sankar's in-court identification testimony is unexhausted because petitioner presented his claim on direct appeal solely as a violation of state law.  Mr. Khan did not characterize his claim as one arising under the United States Constitution, and he cited no Supreme Court or federal cases in support of his argument.  (*See* R. at 577-79.)  Instead, petitioner relied on state law in requesting that the state court reverse his conviction and remand for a new trial.  (See R. at 577 (citing to CPL § 470.15).)  Hence, because Mr. Khan failed to present his claim in federal constitutional terms in his state court appeal, it is unexhausted.  *See Duncan v. Henry*, 513 U.S. 364, 366 (1995) (finding that if a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him due process guaranteed by the Fourteenth Amendment, he must say so in state court as well as federal court); *see also Picard v. Conner,* 404 U.S. 270, 275 (1971) ("federal claim must be fairly presented to the state courts").

Mr. Khan's claim is also unexhausted because he did not raise it in his application for leave to appeal to the New

18

York Court of Appeals.  In his petition to the Court of Appeals,
Mr. Khan argued that trial counsel was ineffective for not
moving to strike Sankar's in-court identification testimony, but
did not ask the court to review his claim that the trial court
erred in admitting that testimony.  (*See* R. at 620-625.)  It is
well-settled that "a claim for ineffective assistance of counsel
for failing to raise an underlying claim does not exhaust the
underlying claim." *Ragsdale v. Warden*, No. 11-cv-1681 (DLI),
2015 WL 5675867, at *6 (E.D.N.Y. Sept. 24, 2015) (citing *Turner
v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001)); *Hall v. Phillips*,
No. 04-cv-1514(NGG)(VVP), 2007 WL 2156656, at *5 (E.D.N.Y. July
25, 2007) ("As courts in this circuit have consistently
recognized, an ineffective assistance claim is an insufficient
vehicle for exhausting the underlying allegations when those
allegations are asserted for the first time as separate claims
on habeas.").  Accordingly, Mr. Khan's due process claim is also
unexhausted due to his failure to raise it on appeal to the
Court of Appeals.

        Moreover, Mr. Khan's claim is also procedurally
defaulted because he could have raised this due process claim on
direct appeal in state court but did not.  (*See* R. at 577-79.)
Petitioner cannot return to state court because he has already
had the one appeal, and one application for leave to appeal to
the Court of Appeals, to which he is entitled.  *See Grey v.*

*Hoke*, 933 F.2d 117, 120–21 (2d Cir. 1991); *MacKenzie v. Portuondo*, 208 F. Supp. 2d 302, 312–13 (E.D.N.Y. 2002).  Thus, due to petitioner's failure to raise his claim on direct appeal, it "cannot be raised in a collateral attack pursuant to CPL § 440.10." *Bond v. Walker*, 68 F. Supp. 2d 287, 294 (S.D.N.Y. 1999) (holding petitioner's insufficiency of the evidence claim was unexhausted and procedurally defaulted because it could have been raised on direct appeal but was not); *see* CPL § 440.10(2)(c)(barring collateral review if claim could have been raised on direct review but was not).  Where, as here, "a state prisoner has not exhausted his state remedies with respect to a claim and he no longer has a state forum in which to raise the claim, the claim may be deemed exhausted but procedurally barred." *Bossett v. Walker*, 41 F.3d 825, 828–29 (2d Cir. 1994). As a result, petitioner's claim is deemed exhausted and procedurally barred because he can no longer raise it in state court.  *See Grey,* 933 F.2d at 120 (finding despite petitioner's failure to raise claims in his application for leave to appeal to the New York Court of Appeals, his "petition should be deemed exhausted, because those claims are now procedurally barred from presentation to that court.").

Federal courts may address the merits of a claim that was procedurally defaulted in state court only if the petitioner can demonstrate cause for the default and actual prejudice as a

20

result of the alleged violation of federal law or that failure
to consider the claims will result in a fundamental miscarriage
of justice. *Bossett*, 41 F.3d at 829; *Coleman*, 501 U.S. at 750.
Cause may be demonstrated with "a showing that the factual or
legal basis for a claim was not reasonably available to counsel,
. . . or that 'some interference by state officials' made
compliance impracticable, . . . [or that] the procedural default
is the result of ineffective assistance of counsel." *Bossett*,
41 F.3d at 829.  An alternative manner of overcoming a
procedural default is for the petitioner to show that the
"failure to consider [the claim] . . . will result in a
fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

        Here, petitioner arguably claims the ineffectiveness
of trial counsel as the "cause" for his default. (*See* Pet. at
5.)  As this court found above, however, Mr. Khan's ineffective
assistance of counsel claim is unpersuasive, and thus cannot
serve as such cause.  Because the state court's determination
was reasonable, Mr. Khan also cannot demonstrate a "miscarriage
of justice." *Bossett*, 41 F.3d at 829; *Schlup v. Delo*, 513 U.S.
298, 327 (1995) (limiting the miscarriage of justice exception
to extraordinary cases where a constitutional violation has
probably resulted in the conviction of one who is actually
innocent).  Therefore, the petitioner's claim is barred from

federal habeas review, and the court respectfully denies
petitioner's due process claim.

Even assuming petitioner's due process claim was
exhausted and not procedurally defaulted, it is also barred from
federal habeas review because it was rejected on an independent
and adequate state law ground.  The Appellate Division rejected
petitioner's claim as unpreserved for review.  In doing so, the
Appellate Division relied on CPL § 470.05[2] in support of its
finding that Mr. Khan's challenge to the admission of Saknar's
testimony was "unpreserved for appellate review."  (R. at 618-
19.)  Petitioner's claim is therefore procedurally barred from
federal habeas review because the Appellate Division's decision
rested on an independent and adequate state ground.  *See, e.g.*,
*Hoke v. Artus*, No. 15-cv-4828 (KAM), 2019 WL 181300, at *5
(E.D.N.Y. Jan. 9, 2019) (concluding that petitioner's claim was
procedurally barred from federal habeas review where the
Appellate Division rejected petitioner's claim as unpreserved
for review under CPL § 470.05[2]).  "[A] procedural default
based on independent and adequate state grounds prevents
federal habeas corpus review of a procedurally barred claim
unless the petitioner can overcome the procedural default by
showing either 'cause for the default and actual prejudice,' or
'that failure to consider the claims will result in a
fundamental miscarriage of justice.'"  *O'Neal v. New York*, No.

22

17-cv-0260 (GRB), 2020 WL 3035201, at *5 (E.D.N.Y. June 5, 2020)
(quoting *Coleman,* 501 U.S. at 750).  Here, as explained above,
petitioner has not made a sufficient showing of cause, prejudice
or actual innocence to excuse his procedural default.  Nor has
petitioner demonstrated that failure to consider his federal
claim will result in a "fundamental miscarriage of justice."
*Id.*

Finally, Mr. Khan's due process claim is not
cognizable on federal habeas review because "[i]t is well-
settled that violations of [CPL] § 710.30 do not amount to a
violation of the constitutional right to due process." *Vasquez
v. LaClair*, No. 13-cv-07136 (AMD), 2018 WL 3193205, at *8
(E.D.N.Y. June 28, 2018) (collecting cases).  Petitioner does
not have a right to advance notice of identification testimony
under the Constitution.  *See Roberts v. Scully*, 875 F. Supp.
182, 191 (S.D.N.Y. 1995) (finding that a violation of CPL §
710.30 does not "reflect a claim of constitutional magnitude")
*aff'd*, 71 F.3d 406 (2d Cir. 1995); *Dotson v. Ercole*, No. 06-cv-
7823 (BSJ), 2009 WL 1615997, at *2 (S.D.N.Y. June 9, 2009 ("The
Constitution does not guarantee a right to advance notice of
identification testimony.").  Because federal habeas review is
"is limited to deciding whether a conviction violated the
Constitution, laws, or treaties of the United States," *Estelle
v. McGuire*, 502 U.S. 62, 68 (1991), this court denies

petitioner's claim.  *See also* 28 U.S.C. § 2254(a) ("The Supreme
Court, a Justice thereof, a circuit judge, or a district court
shall entertain an application for a writ of habeas corpus in
behalf of a person in custody pursuant to the judgment of a
State court only on the ground that he is in custody in
violation of the Constitution or laws or treaties of the United
States.").

### III. Due Process Violation due to Trial Court's Denial of Petitioner's Postjudgment Motion without a Hearing

Finally, Mr. Khan argues that he was deprived of due
process when the trial court denied his CPL § 440 motion without
a hearing.  (Pet. at 6-7.)  "As the Supreme Court has
recognized, the Constitution does not compel states to provide
post-conviction proceedings for relief."  *Word* v. *Lord,* 648 F.3d
129, 131 (2d Cir. 2011) (citing *Lackawanna Cty. Dist. Attorney
v. Coss,* 532 U.S. 394, 402 (2001) ("[E]ach State has created
mechanisms for both direct appeal and state postconviction
review, even though there is no constitutional mandate that they
do so." (citation omitted))).  Accordingly, "alleged errors in a
postconviction proceeding are not grounds for § 2254 review
because federal law does not require states to provide a post-
conviction mechanism for seeking relief."  *Id.* at 132.
Therefore, alleged procedural errors in the denial of a CPL §
440 motion, such as failure to hold a hearing are not cognizable

on federal habeas review.  *See Franza v. Stinson,* 58 F. Supp. 2d 124, 151 (S.D.N.Y. 1999) (holding that procedural defects in CPL § 440.10 proceedings are not cognizable on federal habeas review and collecting cases); *Diaz v. Greiner*, 110 F. Supp. 2d 225, 235 (S.D.N.Y. 2000) ("Petitioner's unsupported assertion that the trial court denied his (third) CPL § 440.10 motion without a hearing violated due process is not cognizable on federal habeas review."); *Robles v. Lempke*, No. 09-cv-2636 (SLT)(JO), 2011 WL 9381499, at *31 (E.D.N.Y. Sept. 9, 2011), *report and recommendation adopted*, No. 09-cv-2636 (SLT), 2012 WL 5507303 (E.D.N.Y. Nov. 14, 2012) (holding that "[h]abeas review "is not available to redress alleged procedural errors in state post-conviction proceedings" and petitioner's complaint about the "court's alleged failure to hold a hearing on the 440 Motion is not cognizable on federal habeas review").  In conclusion, petitioner's claim that he was deprived due process when the trial court denied his CPL § 440 motion without a hearing is not cognizable under federal habeas review and is denied.

## CONCLUSION

For the reasons set forth above, Mr. Khan's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied in its entirety.  Petitioner is denied a certificate of appealability, as he has failed to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2); *see Middleton v. Att'ys Gen. of States of N.Y. & Penn.*, 396 F.3d 207, 209 (2d Cir. 2005) (denying certificate of appealability where petitioner had not shown that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks, ellipsis, and citation omitted)).  In addition, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully requested to enter judgment and close this case.

The Clerk of the Court is also respectfully requested to serve a copy of this memorandum and order, and judgment on petitioner and note service on the docket.

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated: Brooklyn, New York
       November 10, 2020