```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ARSHAD KHAN,

                    Petitioner,              MEMORANDUM AND ORDER
                                               19-CV-533 (KAM)
    -against-

SUPERINTENDANT MICHAEL CAPRA,

                    Defendant.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Petitioner Arshad Khan, proceeding *pro se*, moves to reopen his habeas proceeding pursuant to Federal Rule of Civil Procedure 60(b)(6). (ECF No. 17 ("Mot.").) For the reasons set forth below, the motion is respectfully DENIED.

## BACKGROUND

On January 24, 2019, Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2015 conviction in New York Supreme Court for assault in the first degree. (ECF No. 1.) Petitioner argued that his trial counsel was ineffective for failing to move to preclude a witness's in-court identification, that he was denied due process by the witness's in-court identification, and that he was denied due process when the trial court denied his motion for post-conviction relief without a hearing. (*Id.* at 4-7.) On November 10, 2020, the court denied the petition in full and declined to issue a certificate of appealability. (ECF No. 13.) Petitioner filed a

1

notice of appeal on December 10, 2020 (ECF No. 15), which was subsequently withdrawn on January 7, 2021.  (ECF No. 16.)

Petitioner filed the instant motion on March 24, 2022, raising a host of new challenges to his underlying conviction. (Mot. at 1.)  Specifically, Petitioner argues that his trial counsel was ineffective for failing to present certain evidence and claims that his appellate counsel was ineffective in various respects.  (*Id.* at 6-27.)

## DISCUSSION

Petitioner's motion is denied as beyond the scope of Rule 60(b).  "[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of his habeas proceeding and not the underlying criminal conviction."  *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).  "This limitation is necessary to prevent circumvention of the statutory restrictions governing successive habeas petitions."  *White v. United States*, 2022 WL 2948974, at *3 (W.D.N.Y. July 26, 2022); *see* 28 U.S.C. § 2244(b). Here, Petitioner's motion plainly attacks the integrity of his underlying criminal conviction by arguing that his trial and appellate counsel in state court were ineffective.  *See, e.g.*, *Simpson v. Greene*, 2021 WL 640246, at *2 (S.D.N.Y. Feb. 17, 2021) ("A Rule 60(b) motion filed by a habeas petitioner attacks the underlying conviction – and advances in substance habeas claims –

2

when it adds a new ground for relief from the conviction or attacks the federal court's previous resolution of a claim on the merits." (quotations and citation omitted)); *see also, e.g.*, *Panton v. United States*, 2005 WL 3078224, at *3 (S.D.N.Y. Nov. 16, 2005) (claiming ineffective assistance of appellate counsel "openly attack[s] [the] underlying conviction, not the integrity of the previous habeas proceeding").

"[A] Rule 60(b) that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Second Circuit] for possible resolution, or (ii) the court may simply deny . . . the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." *Harris*, 367 F.3d at 82 (quotations, citation, and emphasis omitted). In *Harris*, the Second Circuit cautioned against transferring a purported Rule 60(b) motion as a second or successive habeas petition "until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing [the motion] (perhaps for later refiling as a new collateral attack)." *Id.* (citation omitted). Accordingly, the court elects to deny the motion as beyond the scope of Rule 60(b). *See id.* If Petitioner wishes to file a second or successive habeas petition attacking his underlying

conviction, he must submit an application to the Second Circuit as required by 28 U.S.C. § 2244(b).  *See* U.S. Court of Appeals for the Second Circuit, *How To File Habeas Corpus Petitions or Appeals, Second or Successive Habeas Petitions, or Civil Rights Appeals Challenging a Prisoner's Detention in the United States Court of Appeals for the Second Circuit*, available at https://www.ca2.uscourts.gov/clerk/case_filing/appealing_a_case/pdf/How to File a Prisoner Habeas Appeal rev 08-22.pdf.

## CONCLUSION

For the reasons set forth above, Petitioner's motion to reopen his habeas petition is DENIED.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to serve a copy of this memorandum and order on Petitioner and note service on the docket.

SO ORDERED.

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         September 30, 2022

4